UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-575-H

JUDITH DONAWAY, *et al.*

PLAINTIFFS

V.

ROHM AND HAAS CO.,                                                                              DEFENDANT
LOUISVILLE PLANT

**MEMORANDUM OPINION AND ORDER**

This case is one of many putative class action lawsuits relating to environmental "fallout" allegedly coming from industrial plants in the Rubbertown area of Louisville that have been filed with this Court in recent years. In this matter, Plaintiffs claim that Rohm and Haas Co. ("Rohm & Haas") has emitted particulate matter from its Louisville plant that has damaged Plaintiffs' property and caused them physical harm. Although originally filed in 2006, the case has not progressed past the pleadings at this stage because the parties have been engaged in settlement negotiations. Defendant has withdrawn from a proposed settlement and now reinstates its motion for a more definite statement or, in the alternative, to dismiss Plaintiffs' claims with prejudice.

Essentially, Defendant argues that the original complaint filed by Plaintiffs is factually deficient to the extent that Defendant cannot reasonably be required to respond. Defendant's grounds for finding deficiency are as follows: (1) the complaint does not provide a time period during which any of the alleged actions took place or any damage was incurred by Plaintiffs; (2) the complaint fails to allege any facts connecting the alleged "fallout" to Rohm & Haas; (3) the

complaint fails to define the prospective class or provide any factual basis for meeting the Rule 23 requirements for certification of the class; and (4) numerous assertions in the complaint are plainly false and, thus, are misleading.

The U.S. Supreme Court has recently addressed what is required of a federal pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). While Federal Rule of Civil Procedure 8(a) provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the Court made clear that this seemingly loose standard indeed has some teeth. The Court stated,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Id.* at 555 (quotations and citations omitted). In a footnote, the Court went on to explain,

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at 555 n. 3.

In reality, Plaintiffs do not contest Defendant's motion. Although they ask this Court to deny Defendant's motion, they make no argument that their complaint is sufficient in its current form and, in fact, note that they have called Defendant's counsel and offered to submit an amended complaint addressing Defendant's concerns. Plaintiffs concede that their complaint was based only on facts known to them at the time of filing and that an amended complaint will include more detailed allegations better establishing their claim of entitlement to relief.

Given the nature of Plaintiffs' response to Defendant's motion for a more definite

statement and their apparent request to file an amended complaint, the Court will treat their response as a motion for leave to amend the complaint. Defendant asserts that it has no objection to such leave and the Court finds that leave to amend the complaint shall be granted. Plaintiffs' amended complaint should comply with the guidance of the Supreme Court cited above and should address the issues raised by Defendant in its motion for a more definite statement.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs shall have ten (10) days from entry of this Memorandum Opinion and Order to file an amended complaint.

This is not a final order.

cc: Counsel of Record