UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-575-H

JUDITH DONAWAY, ET AL                                                           PLAINTIFFS

V.

ROHM & HAAS COMPANY,
LOUISVILLE PLANT                                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed this lawsuit more than five years ago, alleging nuisance, negligence, trespass, and personal injuries, arising from Defendant's operation of a manufacturing facility near a residential area. The parties only recently moved beyond the class certification stage of litigation. The current matter is before the Court on Defendant's Motion to Strike the Fifth Amended Complaint ("Motion to Strike") and Motion to Dismiss Portions of Plaintiffs' Fifth Amended Complaint ("Motion to Dismiss"). Defendant's Motion to Strike seeks to remove from the Fifth Amended Complaint (the "FAC") claims for personal injuries and references to chemicals aside from Methyl Methacrylate ("MMA"). Defendant's Motion to Dismiss seeks to dismiss claims by certain Individual Plaintiffs, as well as claims for strict liability and trespass. As this order seeks mainly to provide procedural clarity for the parties moving forward, the factual background of the case will be omitted, and the Court will focus only on the issues at hand.

I.

In its Motion to Strike, Defendant first argues that any allegations pertaining to personal injury claims should be stricken. The Court, in its Agreed Order Dismissing Plaintiffs' Claims

for Personal Injury Set Forth In Their Second Amended Class Action Complaint and Jury Demand, previously recognized that all personal injury claims were dismissed.  Therefore, although seemingly redundant, the Court will grant Defendant's motion as to this issue.

Secondly, Defendant moves to strike any allegations relating to particulate contamination and chemicals or substances other than MMA.  Defendant supports its position with the testimony of James Riffle, Plaintiffs' expert witness who tested the subject area for contaminates traceable to Defendant.  According to Defendant, Riffle "determined from his sampling that the only chemical emitted from the Rohm & Haas plant that was an issue for the Plaintiffs was MMA."  Plaintiffs respond that discovery thus far has only concerned class certification, and Riffle tested only for MMA because MMA was used a marker to establish Defendant's presence in the subject area.  Therefore, the use of available discovery as the basis for any substantive or dispositive motion is improper.  Defendants disagree, noting that Plaintiffs' discovery should have advanced beyond procedural issues at this point in litigation.

Although the Court appreciates Defendant's frustration with the slow progression of this case, Plaintiffs are technically correct in their assertion that merit discovery has not yet occurred.  In its January 1, 2011 Second Amended Agreed Scheduling Order, the Court decided that class certification would be determined prior to any discovery on the merits of this action.  Plaintiffs withdrew their class action allegations in the FAC, filed only a few months ago, and merit discovery should now begin.  Accordingly, Defendant's request to strike allegations relating to particulates or substances besides MMA must be denied even though merits discovery has been delayed.  After five years, Plaintiffs should have their merits case organized and ready.  Moreover, in many respects the substantive merits of the case have been intertwined with class

action allegations. So much so that the Court is surprised at Plaintiffs' contention that its previous expert reports were for a limited purpose.

Consequently, Plaintiffs will have 60 (sixty) days to file Federal Rule of Civil Procedure 26 expert disclosures regarding all substantive allegations and damages sought. Such filings should be in strict compliance with the Rule's provisions.

II.

Defendant's Motion to Dismiss raises two primary issues. The first involves the identification of Individual Plaintiffs. According to Defendant, insufficient information has been provided for the Individual Plaintiffs, and in many cases, names and addresses which have been supplied appear incomplete, duplicative, or ambiguous. There are hundreds of Plaintiffs, many of whom were only recently listed in the FAC, and the Court will afford Plaintiffs an opportunity to address these deficiencies before dismissing any claims. Within 30 (thirty) days, Defendant will submit a list which identifies any individuals who, while identified in the FAC as parties, are believed to not be proper Plaintiffs. Within 30 (thirty) days of Defendant's submission, Plaintiffs will provide: (1) a revised, complete list of Plaintiffs and their addresses; and (2) individual explanations addressing the challenges raised by Defendant.

Secondly, Defendant moves to dismiss Plaintiffs' claims for strict liability and trespass. Plaintiffs agree to withdraw their strict liability claim, leaving only the trespass claim at issue. Defendant argues that because a claim for trespass requires a finding of physical particulate, which Plaintiffs' expert failed to establish, this claim should be dismissed. As noted above, however, discovery thus far has focused only on the issue of class certification, not the merits of Plaintiffs' claims. Therefore, Plaintiffs may pursue their trespass claim into the merit stage of

litigation at this time.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Strike is SUSTAINED IN PART AND DENIED IN PART.  Plaintiffs' claims for personal injuries are to be stricken from the Fifth Amended Complaint, but allegations relating to particulates and substances aside from Methyl Methacrylate will remain.

IT IS FURTHER ORDERED that on or before **March 28, 2012**, Plaintiffs shall file Federal Rule of Civil Procedure 26 expert disclosures regarding all substantive allegations and damages sought.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is SUSTAINED IN PART AND DENIED IN PART.  Plaintiffs' strict liability claims are DISMISSED, but trespass allegations will proceed.

IT IS FURTHER ORDERED that on or before **February 28, 2012**, Defendant will submit a list identifying those parties being challenged as Individual Plaintiffs; Plaintiffs will have until **March 28, 2012**, to respond with: (1) a revised, complete list of Plaintiffs and their addresses; and (2) individual explanations addressing the challenges raised by Defendant.

This is NOT a final order.



cc:     Counsel of Record