UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:06CV-575-H

JUDITH DONAWAY, et al.                                                                          PLAINTIFFS

v.

ROHM AND HAAS COMPANY                                                                  DEFENDANT
LOUISVILLE PLANT

**MEMORANDUM OPINION AND ORDER**

Sometime ago Defendant moved to strike Plaintiffs' expert disclosure of David A. Weeks on the grounds that his testimony duplicated that of James R. Riffle and also had the unfair potential for expanding the established scope of the case. Plaintiffs responded by saying that the disclosure was timely and that Riffle's opinions were submitted solely to support Plaintiffs' class allegations. Both sides had some reason to believe that they should prevail on this motion. Defendant thinks the case has been delayed too long; Plaintiffs say that they were never prohibited from advancing additional expert opinions. Both may be correct.

The Court has thoroughly reviewed the procedural history of this case in considering the current motion. The Fifth Amended Complaint, which was ordered filed on August 26, 2011, deleted the class action allegations from the case. In addition, this Court's prior and subsequent decisions have narrowed the substantive legal claims to those for trespass under state law. However, the Court never expressly narrowed the factual scope of the case as Defendant has requested.

In the current motion, the parties argue about whether previous expert disclosure was limited to the issue of class certification or whether it should have included all of the substantive allegations of the complaint as well. Certainly the Court had prior questions about whether

Riffles' initial testimony was directed solely at the class allegations or whether he actually intended to give opinions about all of the substantive issues in the case. Regardless, Plaintiffs filed the Weeks' disclosure within the time allowed. The Court had extended the time for Plaintiffs to file expert witness disclosures on a number of occasions and for a variety of sound reasons. Because Plaintiffs filed the Weeks' expert disclosure in a timely fashion, the Court believes that it should be allowed to stand pending other objections. The Court does not believe that Defendant would be unfairly prejudice by the disclosure.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to strike Plaintiffs' expert disclosure is DENIED.

IT IS FURTHER ORDERED that the dispositive motions schedule established in the Court's Docket No. 138 shall remain in effect.

IT IS FURTHER ORDERED that any remaining discovery regarding Plaintiffs' experts may be conducted prior to **October 10, 2012.**

IT IS FURTHER ORDERED that the parties shall expect that the Court will set a telephone conference in the coming weeks to discuss any further procedural or substantive issues.

cc: Counsel of Record