UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-575-H

JUDITH DONAWAY, et al.                                                                                PLAINTIFFS

V.

ROHM AND HAAS COMPANY,
LOUISVILLE PLANT                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

      Defendant, Rohm and Haas Company, has moved for summary judgment or dismissal as to all the remaining 107 named Plaintiffs in this case. In this Memorandum, the Court will address two preliminary motions pertaining to a limited number of Plaintiffs.

      First, Defendant urges dismissal of numerous Plaintiffs because they either failed to appear for their depositions or failed to provide requested discovery. On January 23, 2013, this Court held a status conference with regard to remaining discovery issues. In particular, the Court specifically addressed three individuals who had failed to provide discovery and at least six others who had failed to appear for their properly scheduled depositions. Although the Court declined Defendant's request to dismiss these individuals at that time, it did set a deadline of February 4, 2013, for completion of all depositions and discovery.

      That deadline has now passed and the individual Plaintiffs involved have not appropriately complied with the discovery and deposition requests. Although Plaintiffs offer some excuses for the failure, the Court does not believe that after literally years of litigation any of these excuses are appropriate at this late date. Defendant has sufficiently detailed all of its efforts to obtain depositions and discovery from the pertinent individuals. The Court concludes

that Defendant has extended every effort to obtain appropriate discovery and the Court has allowed multiple extensions of time. Therefore, these claims should be dismissed.

Second, Defendant urges dismissal of six individual nuance claims on the grounds that the particular Plaintiffs lack standing to assert those claims. To assert a private nuance claim under Kentucky law a plaintiff must be a person who has an "ownership interest" or other "possessory interest" in the property alleged to have been affected by the nuance in order to have standing to bring the action. KRS 411.560(5). Pursuant to KRS 411.510(4), "ownership interest" means "holding legal or equitable title to property in fee or in a life tenancy." "Possessory interest" means lawfully possessing property that does not include mere occupancy. KRS 411.510(6). Thus, the concept of a possessory interest necessarily involves more than mere occupancy. *Arnoldt v. Ashland Oil, Inc*., 412 S.E.2d 795, 803-04 (W.Va. 1991) (quoting Black's Law Dictionary 1049 (5th ed. 1979) and applying Kentucky law).

Defendant's Memorandum details that each of the cited six individual Plaintiffs do not have an ownership in the property upon which they claim a nuance. Based upon their responses to discovery requests and deposition questions, it is quite clear that none of these six individuals have standing to assert a nuance claim.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss all claims of Ronnie Meredith, Hannah Meredith, Lisa Meredith, Murle Fuqua, Eric Cox, Ralph Burchett and Darline Burchett are SUSTAINED and all their claims are DISMISSED WITH PREJUDICE for failure to provide discovery or appear at their depositions.

IT IS FURTHER ORDERED that Defendant's motion to dismiss the nuance claims of Rocie Bendixen, Edward Humphrey, Jr., Michael Blair, David Lewis, David Watts and Gary

McGrew are SUSTAINED and those claims are DISMISSED WITH PREJUDICE.

The Court will consider Defendant's remaining motion for summary judgment in due course.

cc:     Counsel of Record