UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-575-H

JUDITH DONAWAY, et al.                                                                      PLAINTIFFS

V.

ROHM AND HAAS COMPANY,
LOUISVILLE PLANT                                                                             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Rohm and Haas, has moved for summary judgment on the remaining state law nuisance claims of approximately 107 remaining individual plaintiffs. Essentially, Plaintiffs claim that emissions from the Rohm and Haas Louisville plant caused legal nuisance to their properties located in areas surrounding the plant. These are the only remaining claims. Plaintiffs and Defendant have agreed that claims in negligence and trespass, to the extent they remained, should be dismissed. At this point, Defendant argues that Plaintiffs have failed to establish evidence of nuisance as a consequence of any emissions from the Rohm and Haas plant.

Plaintiff originally filed this case November 9, 2006, alleging a variety of claims against Defendant and asking for class certification. Over the years Plaintiffs' claims have narrowed considerably. In the Court's numerous past opinions, the general arguments and evidence are adequately summarized. On July 1, 2009, this Court denied approval for a class action settlement. Plaintiffs have had years to obtain evidence and experts to support their claims. In January, 2010, Plaintiffs agreed to dismiss all their personal injury claims. On numerous occasions, the Court has allowed Plaintiffs additional time to prepare and file expert reports. Over time, Plaintiffs' individual and collective failure has narrowed the case to its present claim. The Court will refer to any evidence as necessary in this opinion.

From the reasons that follow, the Court will dismiss Plaintiffs' remaining claim.

I.

The first issue which the parties dispute is whether Plaintiffs can claim a temporary, as opposed to a permanent, nuisance under Kentucky law. The dispute is of considerable significance because the result implicates the statute of limitations, the standard of proof and the measure of damages.

Kentucky law distinguishes claims for a private nuisance between those that are permanent and those that are temporary. KRS 411.530 and 540. A nuisance is permanent if it is created by a permanent structure that was properly constructed or operated. *Lynn Mining Co. v. Kelly*, 394 S.W.2d 755, 757-58 (Ky. 1965); KRS 411.530. A permanent structure that was improperly constructed and operated, however, is a temporary nuisance. *Id.* at 758; KRS 411.540. A temporary nuisance is one where the improper construction can be remedied at a reasonable cost. *Id.* at 759; *Rockwell Int'l Corp. v. Wilhite*, 143 S.W.3d 604, 610 (Ky. App. 2003).

Upon reviewing the record, the Court finds no evidence of any particular improper construction or operational defeat; and no evidence of a particularized and reasonable remedy to the alleged nuisance. Plaintiffs only real argument is a circular one: that the plant emits odors, therefore, it must have been improperly constructed or improperly operated. This is an argument based on an argument, not upon evidence. In fact, the only actual evidence on this question appears to come from Defendant's own witnesses, who stated that the plant meets all applicable standards and has consistently met all federal and state environmental and operational standards. In any event, absent proof of a specific construction defect in the plant, Plaintiff cannot make a

temporary nuisance claim. The Court concludes that Plaintiffs can proceed only on a claim of permanent nuisance under Kentucky law.

II.

The immediate consequence of defining Plaintiffs' claims as those for a permanent nuisance is that they are subject to Kentucky five-year statute of limitations. *Kentucky West Virginia Gas Co. v. Matney*, 279 S.W. 2d 805, 806-07 (Ky. App. 1955); *Hawkins v. Wallace*, 384 S.W.2d 507, 507 (Ky. 1964); KRS 413.120 (7).

The plant itself opened for operation in 1962. The undisputed evidence appears that whatever odors alleged now have existed since the extent of anyone's memory. Consequently, the statute of limitations bars the claims of those Plaintiffs who have known of the odors for more than five years prior to the filing of this lawsuit. While Plaintiffs argue that their claims were for temporary nuisance rather than permanent nuisance, they did not argue against the consequence of the statute of limitation's application.

As a consequence, the statute of limitation bars the claims of some 68 of Plaintiffs. The result is not of ultimate significance as the Court will eventual conclude that none of Plaintiffs can make their nuisance claim based on the absence of sufficient evidence.

III.

In 1991, the Kentucky legislature clarified the standard for determining whether one's use of property constitutes a private nuisance. KRS 411.550. To make such a determination one must consider:

> (a) the lawful nature of the defendant's use of the property; (b) the manner in which the defendant has used the property; (c) the importance of the defendant's use of the property to the community; (d) the influence of the defendant's use of property to the growth and prosperity of the community;

3

> (e) the kind, volume, and duration of the annoyance or interference with the use and enjoyment of claimant's property caused by the defendant's use of property; (f) the respective situations of the defendant and claimant; and (g) the character of the area in which the defendant's property is located, including, but not limited to, all applicable statutes, laws, or regulations.

KRS 411.550(1). This would be a tough standard for Plaintiffs to meet and Defendant argues strenuously that they cannot do so. Nevertheless, the Court concludes that it is not beyond the realm of possibility.

So far as the evidence discloses, Defendant has operated its plant in an entirely legal manner. It has always used the plant for its original intended purposes. The evidence suggests that the plant and others like it have been important to the community's economic growth. It is difficult to balance those positions against the nuisances described in different ways by individual Plaintiffs.

The Court is skeptical whether Plaintiffs can convince a reasonable jury that the emissions from this plant are the actual cause of all the nuisances cited. Foremostly, emissions from other plants no doubt either contributed to the alleged nuisances or may have caused them entirely. Plaintiffs have not developed convincing evidence that a jury would attribute any substantial amount of the nuisances to the Rohm and Haas plant.

Despite all these serious questions about Plaintiffs' evidence, the Court does believe that some of Plaintiffs may make a compelling enough case to convince a reasonable jury that a nuisance has occurred.

IV.

The Court now considers the damages element of Plaintiffs' claims. Once again, the Kentucky legislature has specified quite clearly the proper manner to assess damages in a permanent nuisance case. In doing so, the legislature has distinguished those factors which establish a nuisance under KRS 411.550(1) from those which establish proper damages under KRS 411.560. The statutory separation of these two concepts is somewhat unusual. Regardless, Plaintiffs are not entitled to damages for annoyance, discomfort or other inconveniences which are a staple of Plaintiffs' testimony tending to prove a nuisance. KRS 411.560(3). This testimony merely establishes one of the factors toward proving a nuisance. On the other hand, proof of damages is measured by the reductions in the market value of Plaintiffs' property caused by the nuisance. KRS 411.560(1)(a). No Kentucky cases address this specific requirement, no doubt because the statute seems quite clear.

A.

Kentucky law requires nuisance damages be measured by "a material reduction in fair market value or rental value." *Brockman v. Barton Brands, Ltd.*, 2009 WL 4252914, *4 (W.D. Ky. 2009); KRS 411.560(1)(a). "Kentucky law is clear that when a property owner suffers a complete loss, that party need only introduce diminution in value damages." *Barnett v. Grizzly Processing, LLC*, 809 F.Supp.2d 636, 645 (E.D. Ky. 2011). "Plaintiff must introduce a 'tangible figure from which the value of the use can be deduced,' otherwise valuation is pure speculation." *Id.* (quoting *Adams Constr. Co., Inc. v. Bentley*, 335 S.W.2d 912, 914 (Ky. 1960). "Determination of fair market value ordinarily necessitates expert opinion." *Id.* (citing *Jones v. Jones*, 245 S.W. 3d 815, 820 (Ky. Ct. App. 2008). Plaintiffs should offer information sufficient

5

to "assist a fact finder in quantifying the property damage caused by the alleged [nuisance]." *Id.*

To express such an opinion, the witness "must possess 'some basis for a knowledge of market values.'" *Id.* "Expert testimony requires that the witness be qualified by 'knowledge, skill, experience, training, or education,' that the testimony be relevant, and that the testimony be reliable." *Dickens v. Oxy Vinyls, LP*, 631 F.Supp.2d 859, 866 (W.D. Ky. 2009) (quoting *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008)). Plaintiffs have had years to produce proper evidence of damages. For the reasons that follow, Plaintiffs' final proof widely misses the requirements of Kentucky law.

B.

The difficulty with Plaintiffs' case is that they rely entirely on the testimony of Donald H. Treadwell, Jr. Unfortunately, he has neither done the work necessary nor used the methodology required to provide acceptable evidence of damages in such a case. Even the conclusions that Mr. Treadwell does reach–that the impact area values are 13 percent below other areas–do not seem to be based on improper methods. He merely states that from his experience in other cases, this seems to be the proper reduction. Consequently, the degree to which any particular property may have decreased for any reason is a matter of complete speculation. Moreover, Mr. Treadwell chose comparison properties that (1) were not Plaintiffs in this case and (2) in the case of the comparison area, were not selected on a proper method. Though the Court questions Mr. Treadwell's credentials to assess property values in the Louisville area, his reliance on other expert testimony of emissions and the validity of his conclusions, it is unnecessary to dwell or rely upon these issues to reach the Court's conclusion.

The first problem with Treadwell's testimony is that those who did survive the five-year

statute of limitations have purchased their property with knowledge of the circumstances and with awareness of the potential nuisance. The purchase price of the property undoubtedly reflected these circumstances. Plaintiffs cannot recover damages for nuisances which began prior to their purchase and which apparently continued in the same manner after it. Treadwell's report and his testimony reflected none of this reality and do not describe a proper method of determining any reduction of property value.[1]

Much more fatally, Treadwell's method of determining the overall adverse impact of the nuisances is entirely inconsistent with requirements of Kentucky law. He made no tangible and specific evaluation of any plaintiff's property. He has opined only generally that the homes in the affected area apparently are worth less than supposedly similar properties in other neighborhoods. He did not analyze any of the individual properties to determine their initial value and any diminishment from it as KRS 411.560 requires.

Consequently, even assuming that the property values in the Rohm & Haas neighborhood are lower than other areas, Mr. Treadwell's conclusions do not address whether the specific properties in question decreased in value from the time of purchase to the present due to a nuisance attributable to the Rohm and Haas plant. The Kentucky legislature has stated a quite specific method to establish proper damages under a nuisance claim. Without an appropriate explanation, Plaintiffs' expert has opted for an entirely different method. Plaintiffs' cases cannot succeed on the basis of an unauthorized method claiming damages.

Being otherwise sufficiently advised,

---

[1] The Restatement Second, Torts § 840D suggests that one may prove damages for nuisance even where the property is acquired after the nuisance has come into existence. However, this general statement does not contemplate the existence of a specific state statute defining the methodology for determining damages.

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiffs' remaining claims for nuisance are DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc: Counsel of Record